**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THERESA SHELTON,
Plaintiff-Appellant,

v.                                                                                    No. 95-2625

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CA-94-233-1)

Argued: July 8, 1996

Decided: August 23, 1996

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge,
and JOSEPH F. ANDERSON, JR., United States District Judge for
the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Silas Mason Preston, PRESTON & WEESE, L.C.,
Lewisburg, West Virginia, for Appellant. Stephen Michael Horn,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee. **ON BRIEF:** Rebecca A. Betts, United States Attorney,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Theresa Shelton initiated this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C.§§ 1346(b) and 2671, et seq. Shelton is an inmate at the Federal Prison Camp at Alderson, West Virginia. In her complaint, Shelton contends that she contracted salmonella poisoning from food served in the prison camp's central dining room. After a bench trial, the district court found that Shelton had failed to prove actionable negligence and entered judgment in favor of the defendant. Shelton thereafter took a timely appeal to this court. We review the district court's findings for clear error. United States v. Daughtery, 874 F.2d 213 (4th Cir. 1989).

At trial, Shelton claimed that on April 24, 1993, she ate soft-boiled eggs for breakfast and fried chicken for dinner and thereafter was hospitalized and diagnosed with salmonella poisoning. Relying exclusively upon the doctrine of res ipsa loquitor , Shelton contended that food service workers in the central dining room negligently prepared the poultry products which caused her salmonella poisoning.

In West Virginia, application of the res ipsa loquitor doctrine requires that three elements be present: (1) the instrumentality which causes the injury must be under the exclusive control and management of the defendant; (2) the plaintiff must be without fault; and (3) the injury must be such that in the ordinary course of events it would not have happened had the one in control of the instrumentality used due care. Bronz v. St. Jude's Hospital Clinic , 402 S.E.2d 594 (W.Va. 1991). The decision of the district court rests, in part, upon its finding that the plaintiff failed to establish the first element of res ipsa loquitor. Specifically, the court found that the plaintiff had failed to establish that the food service employees in the central dining room had exclusive control over all food sources for Alderson inmates. The court found that inmates are able to purchase food from vending

2

machines, from a canteen in the recreation department, and from the commissary. These food sources are not all controlled by government employees. The record before the district court also indicated that, although salmonella bacteria is passed through either eggs or fowl about ninety percent of the time, the bacteria can occasionally be transmitted in other ways, such as hand to hand contact, sexual relations, or sharing a contaminated drinking glass. The record also contained evidence of theft from the food facilities which could provide another source of mishandled food and salmonella poisoning. On this record, the district court was justified in concluding that the plaintiff had failed to show that the instrumentality which caused her injury was under the exclusive control and management of the defendant.

The district court also found that the defendant had rebutted any inference of negligence which might otherwise arise. There is substantial evidence in the record to support this second basis for the district court's conclusion.

After reviewing the record in this case, we are convinced that the district court's findings are supported by evidence in the record. For this reason, we affirm on the basis of the reasoning of the district court. Theresa Shelton v. United States of America, C/A No. 1:94-CV-0233 (S.D. W.Va., July 5, 1995).

AFFIRMED

3